FILED
12/27/2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| WAYNE H. NORMAN, | 13CV8274<br>JUDGE KENDALL<br>MAG. JUDGE MASON |
| Plaintiff, | |
| vs. | |
| COMPLETE PAYMENT RECOVERY SERVICES, INC., and CAESARS ENTERTAINMENT, INC., d/b/a HORSEHOE BOSSIER CITY, | JURY DEMAND |
| Defendants. | |

RECEIVED
NOV 1 5 2013
11-15-13
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT

NOW COMES the Plaintiff, WAYNE H. NORMAN, by and through himself and for his Complaint against the Defendants, COMPLETE PAYMENT RECOVERY SERVICES, INC., and CAESARS ENTERTAINMENT, INC., d/b/a HORSEHOE BOSSIER CITY, states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*

1 | Page

## JURISDICTION & VENUE

2. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331 and 28 U.S.C. section 1337.

3. Venue is proper in this district pursuant to 28 U.S.C. section 1391(b).

## PARTIES

4. WAYNE H. NORMAN, (hereinafter, "Plaintiff"), is an individual who resides in Cook County, Illinois.

5. COMPLETE PAYMENT RECOVERY SERVICES, INC, (hereinafter, "CPRS") is a business entity engaged in debt collection. Defendant is located at 11601 Roosevelt Blvd. TA-09, St. Petersburg, Florida 33716.

6. CAESARS ENTERTAINMENT, INC., d/b/a HORSEHOE BOSSIER CITY, (hereinafter "HBC"), is a business entity engaged in casino entertainment. Defendant is located at 711 Horseshoe Blvd. Bossier City, LA. 71111.

## FACTUAL ALLEGATIONS

7. On or about March 10, 2011, Plaintiff wrote two checks in the amounts of $300 and $500, to Horseshoe Bossier City for payment.

8. The checks were subsequently returned to Horseshoe Bossier City as "insufficient funds."

9. The checks were subsequently sent to Complete Payment Recovery Services, Inc. f/k/a Certegy Payment Recovery Services, Inc. for collections.

10. On or about April, 2011, Plaintiff received the first of many more phone calls from (800) 247-8714, to his cellular phone. Upon answering the call, Plaintiff noticed a pause; heard a clicking sound, and an automated message saying, "Please stay on the line." Plaintiff hung up the phone.

11. One such call Plaintiff answered in its entirety on May 20th, 2011. After hearing a pause, clicking sound, and the automated message, a representative came on the line and stated her name and informed Plaintiff she was a debt collector calling from Complete Payment Recovery Services on behalf of Horseshoe Casino attempting to collect a debt in reference to checks written to Horseshoe Casino.

12. Plaintiff informed the representative that he had no knowledge of the alleged debt, and didn't discuss financial matters over the phone. Plaintiff also told the representative they he would prefer not being called on his cellular phone, and to send him anything pertaining to the alleged debt in writing to his home address. The representative agreed to send Plaintiff information via USPS mail.

13. However, Plaintiff received at least seven (7) more "robocalls" from Complete Payment Recovery Services, on behalf of (HBC) over the next few months attempting to collect the alleged debt.

14. Some calls received from the Defendant would have a "blocked" number showing on the caller ID of Plaintiff's cellular phone. Others would simply have (000)000-0000, (866) 838-6092, and, (800) 247-8714.

15. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

16. Complete Payment Recovery Services' calls (on behalf of HBC) utilized interactive voice recognition technology, also known as a predictive dialer, in which a machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative.

17. This technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer first.

18. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from Complete Payment Recovery Services, (on behalf of HBC) utilizing autodialed and prerecorded messages for the purpose of debt collection or any other purpose to his cellular telephone.

5 | Page

19. Plaintiff has never provided his cellular phone number to Complete Payment Recovery Services, or given his express written consent to be called, whether on his own or on behalf of (HBC).

20. Upon information and belief, (HBC) assigned or hired Complete Payment Recovery Services to collect the alleged debt.

21. Accordingly, an entity can be liable under the TCPA for a call made on its behalf even if the entity did not directly place the call. Under those circumstances, the entity is properly deemed to have initiated the call through the person or entity that actually placed the call.

22. "Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call." *In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559 chapter 10 (Jan. 4, 2008) ("2008 TCPA Order"), the FCC stated that, "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor placed the call."

23. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from Complete Payment Recovery Services, on behalf of (HBC) for the purpose of debt collection or any other purpose.

## COUNT I

## VIOLATIONS OF THE ("TCPA"), 47 U.S.C. SECTION 227, et seq

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Without prior consent, Complete Payment Recovery Services, on behalf of (HBC) contacted Plaintiff at least eight (8) times by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) of the TCPA.

26. The phone calls were made to Plaintiff without the number being provided to Complete Payment Recovery Services, or any other entity in connection with any debt, and without the consent of Plaintiff.

27. Complete Payment Recovery Services, on behalf of (HBC), utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention.

28. Complete Payment Recovery Services equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects

that have the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

29. Upon information and belief, (HBC) was aware that Complete Payment Recovery Services, would utilize predictive dialers and artificial and prerecorded voice when placing phone calls to collect debts allegedly owed to (HBC).

30. Plaintiff suffered actual damages in the form of embarrassment, humiliation and anger as a result of Complete Payment Recovery Services calls on behalf of (HBC). He was needlessly bothered and was forced to utilize minutes from his cell phone which could have been used for other purposes.

## PRAYER OF RELIEF

**WHEREFORE,** Plaintiff, Wayne H. Norman, prays for the following relief:

a) Statutory damages for each call pursuant to 47 U.S.C. section 227(b)(3)(B) or (C);

b) Actual damages from the Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations;

c) Such other and further relief as may be just and proper.

Respectfully submitted,

Wayne H. Norman

509 Elgin Apt. 1

Forest Park, Il 60130

whnorman@hotmail.com