IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| WAYNE H. NORMAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 13 C 8274 |
| ) | |
| COMPLETE PAYMENT RECOVERY ) | Judge Virginia M. Kendall |
| SERVICES, INC. et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Wayne Norman filed a pro se complaint against Defendants Complete Payment Recovery Services, Inc. and Caesars Entertainment, Inc., d/b/a Horseshoe Bossier City alleging a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Specifically, Plaintiff alleges that Defendants made multiple "robocalls" to his cellular phone using an automatic telephone dialing system ("ATDS") and prerecorded message that lacked human intervention. (Compl. ¶ 13-17). Defendants now move for summary judgment. For the reasons below, the motion is denied.

**STATEMENT OF FACTS**

The following facts are undisputed unless expressly noted. In or around March 2011, Norman wrote two checks to Horseshoe, which subsequently bounced. (Def. 56.1 ¶ 4). Horseshoe retained CPRS, a debt-collecting agency, to collect the money owed. (Def. 56.1 ¶ 5). CPRS placed several phone calls to Norman in order to collect the amount of the two checks. (Def. 56.1 ¶ 5). Norman and Defendants dispute whether the calls were made manually, whether the equipment used to call Plaintiff had the capacity to make automated or predictive calls, and

whether such calls were made using an artificial or prerecorded voice. Norman argues that CPRS used an ATDS to make the calls, a conclusion he infers from the fact that he heard a clicking sound followed by a prerecorded voice asking him to "remain on the line" when he answered the calls in question. (Pl. 56.1 Resp. ¶ 7). In contrast, Defendants contend that CPRS made each of the calls to Norman manually using equipment that lacked an automated or predictive dialing capacity and that none of these calls were made using an artificial or prerecorded voice. (Def. 56.1 ¶ 6-7).

## LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Thayer v.* Chiczewski, 705 F.3d 237, 246 (7th Cir. 2012). At the summary judgment stage, the Court construes all facts and all inferences that are drawn therefrom in the light most favorable to the nonmoving party. *See Pitasi v. Gartner Group, Inc.*, 184 F.3d 709, 714 (7th Cir. 1999). Whether a fact is material depends on the underlying substantive law that governs the dispute. *Caroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). A genuine dispute is one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citation omitted). "Evidence supporting or opposing summary judgment must be admissible if offered at trial, except that affidavits, depositions, and other written forms of testimony can substitute for live testimony. *Malin v. Hospira, Inc.*, No 13-2433, 762 F.3d 552, 554-55 (7th Cir. 2014). Summary judgment is only proper if there "is no reasonably contestable issue of fact that is potentially outcome-determinative." *Szymanski v. Rite-Way Lawn Maintenance Co., Inc.*, 231 F.3d 360, 364 (7th Cir. 2000).

**DISCUSSION**

The TCPA prohibits calling individuals on their cellular devices without prior consent when the calls employ an automatic telephone dialing system or use a prerecorded or artificial voice. See 47 U.S.C. § 227. The Federal Communications Commission has adopted a broad definition for devices that qualify as an ATDS under the Act, including predictive dialers that have the "*capacity* to dial numbers without human intervention." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14092-93 (2003) (*2003 TCPA Order*)[1] ; *see also. e.g.*, *Griffith v. Consumer Portfolio Service, Inc.*, 838 F. Supp. 2d 723, 725-27 (N.D. Ill. 2011). A "predictive dialer works autonomously until a human voice comes on the line. If that happens, an employee in [a] call center will join the call." *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638-38 (7th Cir. 2012); *see also 2003 TCPA Order* at 14091-93. In order to state a claim under the TCPA the Plaintiff must show (1) a call was made; (2) the caller used an automatic dialing system or an artificial or prerecorded voice; (3) the number called was assigned to a cellular service; and (4) that the caller did not have prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii); *see also, e.g.*, *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 982 (N.D. Ill. 2013).

---

[1] The subsequent 2008 Federal Communications Commission Declaratory Ruling does not affect the type of device regulated by the TCPA or the Court's conclusion. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 566 (2008) ("In this Declaratory Ruling, we affirm that a predictive dialer constitutes an [ATDS] and is subject to the TCPA's restrictions on the use of autodialers."). There, the FCC clarified that autodialed and prerecorded messages made to wireless phone numbers that are provided by the called party in connection with an existing debt are permissible under the TCPA. *Id.* at 559. Defendants here have not provided evidence or argued that Plaintiff provided his phone number in connection with the debt at issue or that he consented to the calls in any way.

Defendants argue that humans made each of the calls to Norman. In support of that conclusion, Defendants offer the affidavit of Ann Akins, the president of CPRS. Akins states that she was familiar with the records of the company and that such records included documentation of each phone call placed to Norman and what technology was used for each call. (Akins Aff. ¶ 6-8). Specifically, the affidavit states that a human made each of the calls that CPRS placed to Norman in March, April, and May of 2011. (*Id.* ¶ 9). Akins also notes that none of the calls were made using an "automatic telephone dialing system" or any equipment having the capacity to store or produce telephone numbers to be called using a random or sequential number generator and that none of the placed calls were made using an artificial or prerecorded voice. (*Id.* ¶ 10).

Norman also submitted an affidavit in support of his opposition to summary judgment. In Norman's affidavit, he states that he knows the calls were not made manually because he heard a non-human, recorded voice when he answered the phone. (Pl. Aff. ¶ 6-7). Norman urges the Court to infer from this fact that CPRS made these calls using equipment with the capacity to make calls without human intervention. At this stage, the Court is required to make all reasonable inferences in favor of the non-moving party. *See Moultrie v. Penn Aluminum Int'l., LLC*, 766 F.3d 747, 751 (7th Cir. 2014). It is reasonable to infer from the fact that Plaintiff heard a non-human voice when he answered the call from CPRS that equipment with the capacity to dial without human intervention made the call.

Therefore, a genuine issue of material fact precludes summary judgment in this case. Plaintiff and Defendants dispute whether or not the calls to Plaintiff were placed using equipment with the capacity to dial numbers without human intervention. While the dispute is narrow, it is nonetheless material. The dispute bears directly on the elements of a claim under

the TCPA.  *See* 47 U.S.C. § 227(b)(1)(A)(iii); *see also Caroll*, 698 F.3d at 564 (whether a fact is material depends on the underlying substantive law that governs the dispute).  The dispute is also genuine.  Plaintiff has offered sufficient evidence that a jury could reasonably find that a device capable of dialing without human intervention made the calls in question. *See Harris N.A. v. Hershey*, 711 F.3d 794, 798 (7th Cir. 2013) (to survive summary judgment the non-moving party must offer more than a mere scintilla of evidence and must offer evidence that a jury could find in the non-moving party's favor); *see also Hill v. Tangherlini*, 724 F.3d 965, 967-68 (7th Cir. 2013).  Where opposing parties offer conflicting evidence supporting a material fact, a district court must not assume the role of the jury and weigh such evidence or make determinations of credibility.  *See Chaib v. Indiana*, 744 F.3d 974, 981 (7th Cir. 2014).  Thus, a genuine dispute exists as to whether Defendants used a device capable of dialing without human intervention to make the calls in question.

## CONCLUSION

For the reasons stated herein, the Defendants' motion is denied.

/s/Virginia M. Kendall
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 12/19/14